Judge Mills
delivered the opinion.
Owings filed his bill in the court below, alledging that he was the proprietor of the land on which Owingsville stands;—that he had assented to its establishment, and the title was vested in the trustees, who had sold a lot therein to John T. Mason, through the intervention of Jouit as his agent;—that before Mason had completed his purchase, by executing bond for the purchase money, and accepting a deed, he, Mason, agreed to let Owings have the lot, if he, Owings, would stand in his shoes and fulfil his contract with the trustees; but that afterwards Mason had claimed the benefit of his purchase, and had sold the lot to another, and that after several transfers, it came to the hands of Kelsoe;—that the trustees had conveyed in affirmance of the sale to Mason, and that by other transfers the title had come to Kelsoe;—that after this conveyance he had tendered bond and security, for the purchase money, to the board, but they having conveyed, their clerk refused to receive his bond: he then makes the trustees, Jouit, and Mason, the intervening purchasers, and Kelsoe, defendants, and prays a conveyance of the lot.
Kelsoe answered, denying notice or knowledge of his, the complainant’s equity, and pleading that he was an innocent purchaser for a valuable consideration, and relies on his legal estate being completed. The rest of the defendants demurred to the bill. The demurrer was argued as to the demurants, and heard as to Kelsoe, on the bill and answered only at the same term, and the bill dismissed as *381 to all. To reverse which decree, Owings has appealed to this court.
The title of an innocent purchaser, without notice, will be protected against an equity.
A parol agreement for the sale of land cannot be decreed.
We are unable to perceive any error in the decree of the court below, and cannot disturb it. An innocent purchaser for a valuable consideration, who has completed his purchase, and has no notice of an outstanding equity, has always been protected against that equity, although it may be strong and indubitable. In the present case there is no proof of notice to Kelsoe, and his purchase appears complete. He would have been entitled to protection had the equity of Owings been good. But this is far from being the case. He does not alledge or prove that any memorandum in writing was given to him by Mason for the lot, but only a mere verbal agreement that he, Owings, should have it, by complying with the terms of the sale, which terms he never attempted to comply with till after it was too late. The act of assembly to prevent frauds and perjuries, fully embraced his case, and precluded his offering evidence other than in writing, whereby to charge the defendants, and recover the lots. This statute, then, was not only sufficient to protect Kelsoe, but warranted the others in demurring to the bill; and the court below did right in sustaining the demurrer and dismissing the bill as to all of the defendants The decree, therefore, must be affirmed with costs.